

**FILED**

Jan 28 2020

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ s/nataliep _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>MICHAEL FORSTER,<br><br>            Defendant. | Case No.  '20 CR325  CAB<br><br>I N F O R M A T I O N<br><br>18 U.S.C. 371 – Conspiracy |

The United States Attorney charges, at all times material:

### INTRODUCTORY ALLEGATIONS

1.    In and around 2012, Defendant Michael Forster participated in a fraudulent "pump-and-dump" scheme involving the stock of Cuba Beverage Company ("Cuba Beverage"), a San Diego-based company, in 2012.

2.    To carry out this scheme, Defendant obtained shares of Cuba Beverage Stock, initiated promotional campaigns to artificially avoid the deflation of, maintain, and inflate the share price of Cuba Beverage stock, and sold his stock at inflated prices to investor victims.

**Count 1**

18 U.S.C. § 371

**CONSPIRACY**

3.   Beginning no later than March 2012, and continuing until at least December 2012, in the Southern District of California and elsewhere, defendant MICHAEL FORSTER knowingly and intentionally conspired and agreed with others to commit securities fraud, in violation of Title 15, United States Code, Sections 78j(b), 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5.

**METHODS AND MEANS**

4.   It was part of the conspiracy that Defendant would help Cuba Beverage find financing, consolidate Cuba Beverage's free-trading shares, and pay Cuba Beverage's bills.

5.   It was further part of the conspiracy that Defendant would initiate promotional campaigns to entice investors to purchase Cuba Beverage's stock in the open market.   The purpose of using these promotional campaigns was to artificially avoid the deflation of, maintain, and inflate the share price of Cuba Beverage stock.

6.   It was further part of the conspiracy to engage a specific, San Diego-based attorney as Cuba Beverage's legal counsel, and a specific, San Diego-based accountant as Cuba Beverage's Chief Financial Officer, both of whom were willing to facilitate the pump-and-dump scheme.

7.   It was further part of the conspiracy to engage in manipulative trading in Cuba Beverage stock for the purpose of creating a false or misleading appearance of active trading in Cuba Beverage stock, and a false or misleading appearance with respect to the market for Cuba Beverage stock.

Case 3:20-cr-00325-CAB   Document 1   Filed 01/28/20   PageID.3   Page 3 of 5

**OVERT ACTS**

8.    In furtherance of this conspiracy, and to carry out its objects, the following overt acts, among others, were committed within the Southern District of California and elsewhere:

a.    In or about March 2012, Defendant engaged a freelance financial writer to create a draft of an "investor relations brochure."   The brochure, which was distributed to prospective investors, contained the following statements: "BUY CUBV STOCKS NOW!"; "BUY CUBV STOCKS TODAY!"; "BILLIONS IN MARKET SHARE ARE UP FOR GRABS!"; and "HUGE GAINS IN ENERGY BEVERAGES."

b.    In or about March 2012, Defendant engaged a boiler room to entice investors to purchase Cuba Beverage stock, and knew that boiler room personnel would mislead investors about the company and/or its stock.   A boiler room is a call center that uses high-pressure sales tactics, and often makes false and misleading representations and omissions, in order to solicit investments in certain stocks; in exchange for playing this role, a boiler room usually receives a percentage of the amounts paid for the subject stock by investor victims.

c.    In or about April and May 2012, Defendant drafted Cuba Beverage press releases, so that they could be published in conjunction with the promotional campaigns Defendant arranged surrounding Cuba Beverage.

d.    Throughout 2012, Defendant paid others to promote Cuba Beverage in penny stock newsletters, email blasts and internet touts. These newsletters were generated by publications including, but not limited to, "Stock Lock and Load," "Stock Bomb," and "Stock Rock and

3

Roll."  These promotions did not disclose that Defendant, or entities that he controlled, paid for the touts.

e.   At various points in time throughout 2012, Defendant traded Cuba Beverage stock through nominee accounts he controlled in order to artificially avoid the deflation of, maintain, and inflate the share price of Cuba Beverage stock.

f.   At various points in time throughout 2012, Defendant "dumped" Cuba Beverage stock in the open market at artificially inflated prices, thereby generating gross proceeds of approximately $156,360.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATIONS

9.   The allegations contained in paragraphs 1-8 and Count 1 of this Information are re-alleged and incorporated by reference for the purpose of alleging forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

10.   Upon conviction of the offense set forth in Count 1, defendant Michael Forster shall forfeit to the United States any property, real and personal, which constitutes or is derived from proceeds traceable to the violations.

11.   Pursuant to Title 28, United States Code, Section 2461(c) which incorporates the provisions of Title 21, United States Code, Section 853(p), the defendant shall forfeit substitute property, up to the value of the amounts described above, if, as a result of any act or omission of the defendant, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third

4

1  party; has been placed beyond the jurisdiction of this court; has
2  been substantially diminished in value; or has been commingled with
3  other property which cannot be divided without difficulty.
4  All pursuant to Title 18, United States Code, Section 981(a)(1)(C)
5  and Title 28, United States Code, Section 2461(c).
6
7
      DATED: Jan. 27, 2020              ROBERT S. BREWER, JR.
8                                       United States Attorney
9
10
11                                      AARON P. ARNZEN
12                                      Assistant United States Attorney
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28